UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REGINALD KIRK,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK, JARED TEPPERMAN,
JOHN NATOLI, WILLIAM JEWELS, VINCENT
HOOSACK, PETER BOHRINGER, VICTOR
ROSARIO and VERNON TRUITT,

                            Defendants.
------------------------------------------------------------------X

**JURY TRIAL
DEMANDED**

Case No.:
11 CV 1127 (NGG) (RER)

**AMENDED
COMPLAINT**

("Plaintiff"), by his attorney, Josh Silber, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Queens, in the City and State of New York.

2. At all times relevant and material herein, the defendant CITY OF NEW YORK was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

3. The defendants JARED TEPPERMAN, JOHN NATOLI, WILLIAM JEWELS, VINCENT HOOSACK, PETER BOHRINGER, VICTOR ROSARIO and VERNON TRUITT, were, at all times relevant hereto, agents, servants and/or employees of Defendant CITY, duly appointed and acting as police officers, detectives and/or supervisors in the New York City Police Department, acting in the course and scope of their employment as such and

in furtherance of the interests and business of their said employer.

4. Defendants JARED TEPPERMAN, JOHN NATOLI, WILLIAM JEWELS, VINCENT HOOSACK, PETER BOHRINGER, VICTOR ROSARIO and VERNON TRUITT are and were, at all times relevant hereto, agents, servants and/or employees of Defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer, and otherwise performed and engaged in conduct incidental to the performance of their functions in the course of their duties. JARED TEPPERMAN, JOHN NATOLI, WILLIAM JEWELS, VINCENT HOOSACK, PETER BOHRINGER, VICTOR ROSARIO and VERNON TRUITT are sued individually and are collectively referred to herein as "The Individual Defendants."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

6. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

7. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

8. At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

9. At all times relevant and material herein, The Individual Defendants were each employees of the Police Department of the City of New York.

10. At all times relevant and material herein, The Individual Defendants, were personnel of the Police Department of the City of New York.

11. That at all times hereinafter mentioned and upon information and belief, the defendant CITY OF NEW YORK, employed and supervised The Individual Defendants.

12. Upon information and belief, The Individual Defendants were graduates of the Police Academy of the City of New York.

13. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, The Individual Defendants, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as Plaintiff herein.

14. In addition, at all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels The Individual Defendants in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

15. At all times hereinafter mentioned, upon information and belief, The Individual Defendants where acting in their capacities as employees, agents or servants of the defendant CITY OF NEW YORK.

16. At all times hereinafter mentioned, The Individual Defendants where acting under color of law.

17. At all times hereinafter mentioned, the defendants' acts constituted state action.

18. On or about April 1, 2010, Plaintiff was at or about in front of his own home located at 134-45 159th Street, Jamaica, in the City and State of New York.

19. Additionally, on or about April 1, 2010, The Individual Defendants, were on duty and/or acting as employees, agents or servants of the defendant CITY OF NEW YORK, and were also present at the same time and in the same place as Plaintiff, as aforesaid.

20. At approximately 3:30p.m., on or about April 1, 2010, The Individual Defendants, detained, attacked and threw Plaintiff to the ground, and further assaulted Plaintiff.

21. In addition to the defendants' willful and intentional attack upon Plaintiff, the defendants intentionally held and restrained Plaintiff without his consent.

22. Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

23. The charges were subsequently dismissed or otherwise disposed of.

24. All of the defendants' acts described in the preceding four paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

25. By reason of the foregoing acts by the defendants, Plaintiff was severely injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

26. By reason of the foregoing acts by the defendants, Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

27. By reason of the foregoing, Plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar expenses.

28. By reason of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar legal fees.

### ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

29. Before the commencement of this action, on or about June 17, 2010, or within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

30. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

31. The defendant CITY OF NEW YORK requested and examined Plaintiff as was its right under the General Municipal Law.

32. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

### FIRST CLAIM FOR RELIEF
### (PURSUANT 42 U.S.C. §1983
### FOR DEFENDANTS' VIOLATION
### OF PLAINTIFF'S CIVIL RIGHTS)

33. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

34. The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that Plaintiff committed any crime.

35. Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. §1983.

36. Said violation of Plaintiff's Constitutional rights caused him personal injury and damage, both physical and mental; and severe emotional distress and illness.

37. By reason of Defendants' violation of Plaintiff's Constitutional rights, Plaintiff is entitled to judgment in the amount of $500,000.00.

### SECOND CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983
### FOR ASSAULT AND BATTERY
### UNDER COLOR OF STATE LAW)

38. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

39. The defendants' assault and battery of Plaintiff was excessive, unwarranted, unnecessary and violent and violated Plaintiff's rights under the Constitution.

40. The said assault and battery caused Plaintiff personal injury and damage, both physical and mental; and severe emotional distress and illness.

41. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

### THIRD CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983
### FOR FALSE ARREST AND IMPRISONMENT
### UNDER COLOR OF STATE LAW)

42. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

43. The defendants arrested, detained and imprisoned Plaintiff, without warrant, even though they knew or should have known that he was wholly innocent of any crime then and there alleged against him, and thus violated Plaintiff's Constitutional rights.

44. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

### FOURTH CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

45. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

46. The defendants are liable for assault to Plaintiff.

47. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

48. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

49. The defendants are liable for battery to Plaintiff.

50. As a result thereof, Plaintiff is entitled to judgment an amount exceeding the jurisdiction of all lower courts.

## SIXTH CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52. The defendants are liable for false arrest and false imprisonment to Plaintiff.

53. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## SEVENTH CLAIM FOR RELIEF
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was outrageous, shocking and exceeded all reasonable bounds of decency.

56. The defendants are liable for intentional infliction of emotional distress to Plaintiff.

57. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## EIGHTH CLAIM FOR RELIEF
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

58. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

59. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was careless and negligent as to the emotional health of Plaintiff.

60. The defendants are liable for negligent infliction of emotional distress to Plaintiff.

61. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## NINTH CLAIM FOR RELIEF
## (COMMON LAW NEGLIGENCE)

62. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

63. The defendant CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiff.

64. Additionally, The Individual Defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

65. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount of $500,000.00; and

Plaintiff demands an additional sum of punitive damages against each defendant to be determined a the trial of this action; and In the event plaintiff is a prevailing party, attorneys fees; and Interest, costs, and such other relief as to this Court shall seem just and proper.

DATED:   New York, New York
         July 7, 2011

Yours, etc.,

*/s/ Josh Silber*
JOSH SILBER
JS-6070

Josh Silber, Esq.
Abend & Silber, PLLC
440 Park Avenue South
New York, NY 10016
(212) 532-7575